IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv28-RJC

| | |
|---|---|
| MITCHELL DEAN JOINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| ROY COOPER, Attorney General of ) | |
| the State of North Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1).

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2006, Petitioner pled guilty to first-degree murder, first-degree rape, and first-degree sex offense. (Doc. No. 1 at 1). The Superior Court of Alexander County sentenced Petitioner to a term of life imprisonment without the possibility of parole for the murder, and to 240 months imprisonment for the first degree-sexual offense.[1] (Id.). Petitioner did not directly appeal either his convictions or sentences, and he did not seek collateral review of his case in the North Carolina Court system. (Id. at 2-3). Rather, on February 17, 2011,[2] Petitioner filed the instant Petition arguing that his attorney had a conflict of interest; that the police failed to consider the boyfriend of the victim's grandmother as a potential suspect in the case; and that

---

[1] The Petition is silent concerning what sentence, if any, was imposed for Petitioner's first-degree rape conviction.

[2] Although this Petition was received at the Court and filed by the Clerk on March 1, 2011, such document contains a certification that Petitioner placed it in his Prison's mailing system on February 17, 2011. Therefore, pursuant to the "mail box rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on February 17, 2011.

despite his lack of knowledge of the legal system, his attorney never discussed anything with him in preparation for a defense, told his family there was nothing he could do for Petitioner, and told Petitioner that if he did not accept the plea for a life sentence, he would receive a death sentence. (Id. at 5).

**II.     STANDARD OF REVIEW**

Rule 4 directs habeas courts to promptly examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that its claims are unexhausted; therefore, the Petition must be dismissed, without prejudice.

**III.    DISCUSSION**

As noted above, Petitioner did not directly appeal his case to the North Carolina Court of Appeals. Furthermore, Petitioner did not seek any post-conviction review in a State collateral proceeding. Section 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the Courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) and (B). This exhaustion requirement reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). In order "[t]o provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of this requirement, a federal court may consider only those issues that were fairly presented to the state court. See Picard, 404 U.S. at 275-76. In this case, the record is clear that Petitioner's claims were never presented to the State court; thus, they are unexhausted.

Furthermore, Petitioner can return to the State court to exhaust these claims. One of the two ways in which North Carolina allows petitioners to exhaust their claims is through collateral post-conviction proceedings. In such instances, a petitioner may exhaust his judicial remedies by presenting his claim to the trial court in a motion for appropriate relief and then to the State Court of Appeals in a petition for a writ of certiorari. See Cobb v. Lee, 944 F.2d 901 (Table), 1991 WL 179081, at *2 (4th Cir. Sept. 13, 1991). Moreover, a motion for appropriate relief alleging that a conviction was obtained in violation of the Constitution of the United States may be filed at any time after entry of the judgment of conviction. N.C. Gen. Stat. § 15A-1415(b)(3).

Here, two of Petitioner's claims allege that he was subjected to ineffective assistance of counsel; therefore, they arise under the Sixth Amendment and can still be raised in a properly filed motion for appropriate relief. Moreover, to the extent that Petitioner's claim that police failed to consider another viable subject can be construed as an allegation that he was subjected to selective prosecution, he also may be able to raise this claim in a motion for appropriate relief under the Equal Protection Clause. See United States v. Armstrong, 517 U.S. 456, 464 (1996)

(holding that the due process clause forbids a decision to prosecute based upon an "arbitrary classification," among other grounds) (citation omitted).

Based upon the foregoing, the Court cannot conclude that there is no State corrective process available to Petitioner, or that there are any circumstances which make that process ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1)(B). Ultimately, therefore, Petitioner's non-exhaustion cannot be excused.[3]

## IV. CONCLUSION

Petitioner has failed to exhaust his judicial remedies for any of his claims, and the Court has found no basis for excusing his non-exhaustion. Therefore, the instant Petition must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED THAT:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No 1) is **DISMISSED**, without prejudice, as unexhausted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c)

---

[3] This Petition also is subject to dismissal as time-barred under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d). However, because the long-standing exhaustion requirement involves issues of comity, the exhaustion requirement is strictly enforced, and the Court has determined that Petitioner can return to State court to exhaust his claims, the Court will instead dismiss the Petition as unexhausted. See Rose v. Lundy, 455 U.S. 509, 515 (1982) (noting that as a matter of comity, federal courts should not consider a habeas corpus petition until after the state courts have had an opportunity to act") (citation omitted); Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) ("The exhaustion requirement, though not jurisdictional . . . is strictly enforced. . . .") (citation omitted). In any event, the Court declines to speculate about whether Petitioner will eventually be able to obtain federal review of the merits of his claims. See Pliler v. Ford, 542 U.S. 225, 231-32 (2004) (noting that a district court is under no obligation to calculate a petitioner's AEDPA deadline, and before allowing him to return to a state court to exhaust his claims, to warn him that because the statute of limitations already has run on his claims, a dismissal without prejudice would effectively result in a dismissal with prejudice unless equitable tolling applies).

when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: April 19, 2011

Robert J. Conrad, Jr.
Chief United States District Judge